UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA EVE DUKES,

                         Plaintiff,

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

                   Defendant.

Case No. 2:17-cv-00393-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security income (SSI) benefits. The parties

have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. §

636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below,

the Court finds that defendant's decision to deny benefits should be reversed, and that this matter

should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2012, plaintiff filed an application for disability insurance benefits and

another one for SSI benefits, alleging in both applications that she became disabled beginning

October 24, 2003. Dkt. 11, Administrative Record (AR) 17. Both applications were denied on

initial administrative review and on reconsideration. *Id.* A hearing was held on April 9, 2015

before an administrative law judge (ALJ), and the plaintiff amended her date of onset to October

7, 2008; plaintiff appeared and testified, as did a vocational expert. AR 32-60.

In a decision dated August 28, 2015, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that she was not disabled. AR 17-27. Plaintiff's request for review was denied by the Appeals Council on January 23, 2017, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on March 16, 2017. AR 1; Dkt. 3; 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred: (1) in rejecting the medical opinions from Geordie Knapp, M.D., and Gregory Charboneau, Ed.D., and (2) in finding plaintiff could perform other jobs existing in significant numbers in the national economy. For the reasons set forth below, the Court finds that the ALJ erred in rejecting the opinion of Dr. Knapp, and thus in finding plaintiff could perform other jobs, and therefore in determining that she is not disabled.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F. Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F. Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.     The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

"logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). On the other hand, an ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Dr. Knapp conducted a psychological evaluation of plaintiff in December 2014, opining that she was moderately to severely limited in a number of mental functional categories. AR 515. The ALJ gave Dr. Knapp's opinion "little weight" on the basis that plaintiff "admitted to regular binge drinking" and "was not on any medication at the time of Dr. Knapp's evaluation." AR 25. Plaintiff argues these are not valid reasons for rejecting Dr. Knapp's opinion. The Court agrees.

As plaintiff points out, Dr. Knapp was aware that plaintiff had an issue with drinking at the time of his opinion. Plaintiff described "weekly binge drinking" to Dr. Knapp, and Dr. Knapp felt "she should receive an alcohol assessment." AR 513, 515. Nevertheless, Dr. Knapp did not think that plaintiff's current mental impairments were primarily the result of alcohol or drug use within the past 60 days. AR 515. There is nothing to indicate, however, that Dr. Knapp's opinion regarding the impact of plaintiff's alcohol abuse was because of a lack of awareness of such use, as the ALJ appears to imply, rather than a sincere belief that despite the alcohol use, plaintiff still suffered from significant mental functional limitations. *See* AR 512-16.

In addition, the record does not support the ALJ's statement that plaintiff was not on any medication at the time of Dr. Knapp's opinion. It was reported on November 19, 2014, that plaintiff was taking "Quetiapine 200 mg by mouth every day." AR 440. The medical provider who saw plaintiff at that time wrote the following: "Changed Medication: Yes, taper quetiapine, trial of ziprasidone and gabapentin." AR 442. The defendant's assertion that plaintiff had tapered off quetiapine altogether in September 2014 is not supported by the record. Dkt. 17, pp. 6-7 (citing AR 432, 434, 436). Even if the Court were to assume for purposes of argument that the plaintiff did taper or begin to taper off quetiapine in September 2014, though, the late November 2014 treatment note shows other medications, gabapentin and ziprasidone, were being prescribed. AR 442.

1    Defendant argues that even if this is so, that does not support a finding that plaintiff was

2    actually taking those medications on December 9, 2014, when she was evaluated by Dr. Knapp.

3    But less than two weeks later, in a December 21, 2014 treatment note, plaintiff was reported to

4    be on both medications. AR 450. Further, the Court notes that, contrary to the defendant's

5    position, nothing in the record would indicate that plaintiff stopped taking either medication

6    during the one month period in between. In addition, the record shows plaintiff was still taking

7    the medications in mid-January 2015. AR 455, 458, 460. The Court therefore rejects the ALJ's

8    discounting of Dr. Knapp's opinion on this basis, because it is unsupported by the record.

9    II.    The ALJ's Step Five Determination

10    The Commissioner employs a five-step "sequential evaluation process" to determine

11    whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If the claimant is found disabled

12    or not disabled at any particular step thereof, the disability determination is made at that step, and

13    the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four

14    of the process to determine whether he or she can do his or her past relevant work, and at step

15    five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996

16    WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

17    A claimant's RFC is the maximum amount of work the claimant is able to perform based

18    on all of the relevant evidence in the record. *Id.* However, an inability to work must result from

19    the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those

20    limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

21    a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

22    functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

23    medical or other evidence." *Id.* at *7.

24    The ALJ found plaintiff had the following mental RFC:

25

**she is limited to tasks that can be learned in 30 days or less; she is limited to simple work-related decisions and few workplace changes; she is limited to short simple instructions; she is limited to no interaction with the general public; she is limited to occasional interaction [with] coworkers but no tandem tasks but work can be around coworkers in the general vicinity; and she is limited to occasional interaction with supervisors.**

AR 22 (emphasis in the original). But because the ALJ failed to properly reject Dr. Knapp's functional assessment, which contains greater limitations than the ALJ included in his RFC assessment, that assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations. Accordingly, the ALJ erred here as well.

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-01. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work

experience, and RFC as plaintiff. AR 26. But because the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – is not supported by substantial evidence or free of error.

III.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only "where '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v, Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit has recently applied the "credit-as-true" rule by first asking: Were the ALJ's reasons for rejecting the evidence legally insufficient? *Leon v. Berryhill*, 874 F.3d 1130, 1132-33 (9th Cir. 2017). Then, having answered that question in the affirmative, the Court considered the second step in the analysis: Are there remaining issues that must resolved before a disability determination can be made, and would further administrative proceedings be useful? *Leon,* 874 F.3d at 1134-35. The Court confirmed that the third step would result in an award of benefits only if the questions at parts one and two of the analysis are answered yes – and

crediting the improperly discredited evidence as true, further proceedings would appear to be unnecessary. *Leon*, 874 F.3d at 1135.

The Court in *Leon* held, even where the district court finds in the first part of the analysis that the ALJ has failed to offer sufficient reasons for rejecting evidence, and also finds in the second part of the analysis that there is "a fully developed record without any conflicts, gaps, or ambiguities," and finally reaches the third part of the analysis and credits the rejected evidence as true, it is still within the court's discretion whether to remand for further proceedings or to remand for award of benefits. *Leon*, 874 F.3d at 1135-36. If, considering the record as a whole, there are reasons for the district court to have serious doubt as to whether the claimant is disabled, the district court retains discretion to remand to the agency for additional proceedings. *Compare id. with Revels v. Berryhill*, 874 F.3d 648, 668-69 (9th Cir. 2017) (Reversal and remand for award of benefits was warranted where the record was fully developed, ALJ did not provide legally sufficient reasons for rejecting the treating physician's opinion and also erroneously rejected the testimony of the plaintiff and lay witnesses; there was no serious doubt, based on the record as a whole, that the plaintiff was disabled).

The ALJ in this case erred in rejecting the evidence from Dr. Knapp. Issues regarding that evidence and plaintiff's ability to do other work still remain and thus, there is serious doubt as to whether plaintiff is in fact disabled.

Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Because issues still remain in regard to the medical evidence in the record, plaintiff's RFC, and her ability to perform other jobs exiting in significant numbers in the national economy, remand for further consideration of those issues is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 28th day of December, 2017.


Theresa L. Fricke
United States Magistrate Judge